Robert Hayford appearing for appellant and I'd like to reserve five minutes for rebuttal time. Good morning. I think it's still morning. May it please the court. This is an appeal of the judgment and final orders of the district court following a three-day civil trial that arose out of the officer's high-risk felony stop of plaintiff, my counsel, Matrice Anderson, during which she was removed from her vehicle, thrown face first up against a wrought iron fence while being handcuffed, detained inside the police cruiser for up to a half an hour by the officer's testimony, and sustained a prolonged interrogation while the officer searched her entire car, including her trunk, for any evidence of any crime with which to arrest her for. Now there's two basic challenges we raise on appeal. The first is that the court's failure to allow argument or instruct the jury on the elements of plaintiff's unlawful arrest claim was erroneous and an abuse of discretion. The stop constituted an arrest as a matter of law and the jury was therefore entitled and indeed required to be instructed on the legal standard for the determination of an unlawful arrest. Do you mean to say that instruction on whether it was an investigatory detainment was an error of law? Absolutely. Why? No, really? Let me ask you this. Was Ms. Anderson told she was arrested and handcuffed and put in the car and taken away? No, she was not. She was told to get out of the car. She was frisked, or I can't remember. She wasn't frisked. She was. They looked inside her car. Now, were they forced to get out of the car? Following an investigation, could a reasonable person find that perhaps the police were attempting to investigate someone who had been fingered as an accompanist of a person with a gun in the store? A reasonable person might find that they were still conducting an investigation as a matter of argument. However, such investigation would have required probable cause to arrest. Such investigation during the detention period requires reasonable suspicion, correct? Not the investigation that occurred here, Your Honor. The investigation that occurred here required probable cause as a matter of argument. Wouldn't that be a factual matter? Whether the investigation was still going on and was going on based on reasonable suspicion was a possible finding, which is in fact what the jury found, right? That's I think your point is that that is one possible finding, but they should have been instructed that it, on the other possible finding, that it ripened into an arrest. It is possible as long as they're correctly instructed. Precisely. Well, okay. So it isn't a matter that it was an unlawful arrest as a matter of law. It's a question of whether the jury should have been able to find it was an unlawful arrest as opposed to improper or proper investigatory detention. True? Well, Your Honor, actually not quite true. We would argue that this is an arrest as a matter of law, and I don't need to argue it. Continue with your argument. Well, to address your point, Your Honor, that is the fundamental argument, is that this was a factual question for the jury to decide whether there was probable cause. Well, then it wasn't an unlawful arrest as a matter of law. Menotti versus Well, all right. I don't want to interrupt your argument. Keep reading it. Well, that's an important point, Your Honor, because Ninth Circuit case law says that to search the trunk when there's no question that this person was still a threat is necessarily far outside the bounds of a terrorist attack. Could the man have been inside the truck? Yes, but that gives them no probable cause to search her trunk. Didn't one of the witnesses say that that was the woman who was with the man inside the store? Long after they already searched her car. Isn't your argument just simply that Judge Wilson should have instructed on both? Yes, that's the thrust of it. Isn't that the thrust? Let's get on to that. So he only instructed on one, but a jury on these facts could find either one, and they should have had the chance to do so because you adequately presented facts to support your theory of the case. There's no argument here that there's any waiver as to that argument that the case should have been instructed as a wrongful arrest. The jury should have been able to decide that question. So a failure to do so meant that they were equipped with the wrong law in this case. Maybe you could help me. You were very good in giving all the facts, but you didn't come to the real facts. It seems to me that one makes a motion for a new trial. Did you make that because they failed to give the proper instructions? Is that your motion? I can't understand why you've got a problem here. What is the reason there should have been a new trial? Is it because they failed to give the right instructions? Is that the reason? That's the primary basis for the motion for a new trial. It isn't on a motion for judgment as a matter of law, is it? It was also a motion to bring a motion. Did you answer my question? Was it a reason for a motion for judgment as a matter of law? Yes, it was. When did you ever make such an objection or a motion during the trial? When counsel was asked, when counsel requested to make this motion, she used the old language, which is judgment notwithstanding the verdict. Well, I'm trying to figure out when. I know that counsel objected right at the first when the court said, I'm going to let the people, I'm going to let the witnesses testify as to what they have to testify, but nobody can call this an arrest. But after that, I didn't see any other objections. Your Honor, counsel objected at every stage with respect to this law. Well, just a minute. The counsel did not. Find me a place where after the judge said, I'm not going to submit this instruction to the jury that counsel objected. If you go to page 88 of the. I saw one where I saw one where now the counsel was talking and the judge says, now you've submitted the probable cause for arrest instruction. I'm not going to give that instruction under the facts of this case. And then counsel says, I don't mean arrest. I mean, unlawful detention. So that can't be an objection. She didn't mean an arrest. So the judge has no way to know that he wanted it there. Where does she say I want this instruction? I want it now. I don't want any more said about it. I submitted it. I want it. Well, it isn't in there, is it? The request for the probable cause. She submitted a probable cause instruction. That's all she did. It is in the record. Well, I'll be fair. You will have to submit that to me because I searched the record to find a place where she did anything except pre trial. But a pretrial, she says something about it. But then he says in order to control the case and how he wants it in, nobody's going to talk about arrest. I'm going to see how the evidence comes in and see whether I give any instruction about it or not. Okay. I have a record site and transcript of page 43. Ms. Ellison says, Your Honor, may I be heard on the probable cause issue? Yes, go ahead. When is that? Is that at the end or first? After close of evidence regarding jury instructions. Okay. Ms. Ellison, the court should permit the jury to decide the issue of probable cause to arrest and reasonable suspicion to detain plaintiff on the basis of the evidence because there exists real questions of the practice of the following issues. And then she goes through all of the issues. To not allow the jury to make these kinds of factual determinations is the equivalent of telling the jury not to consider the She goes on and on and on. And the court says you've said enough and cuts her off. And this is what this particular court does often. Thank you, Your Honor. This is, I believe, on page 52 of the Helen's access of records. I'll be very glad to read it again. I wanted to find the place where she just said, come on, I'm making an objection and here it is. And I'll be glad to read this again. I'm not trying to argue with you. I'm just trying to figure that out. So here we are. We're down to the instruction basis. So we have an instruction. Does it abuse its discretion when it instructs the jury on the standards to apply for an investigatory stop and detention without the probable cause? Now, I read the instructions. There's a jury instruction that talks in general about a seizure, talks about when they have reasonable suspicion. It talks about when in order to prove a seizure. It talks about the district court's order, even talks about what he did about that. Then I looked at the special verdict questions. The special verdict says, did he prove by a preponderance of the evidence that the defendant, Hicks Lopez, unreasonably seized the plaintiff? No. Did the plaintiff prove that by preponderance of the evidence that the defendant, Hicks Lopez, used excessive force on the plaintiff? No. So based on these, which is a special verdict question, how am I going to find that it is anything but harmless error not to give any instruction further than what he gave? Because if I look at what one must do for investigatory stops, and I compare that to what one must do for probable cause, and I look at what evidence must come forward, then I look at whether defendant's Hicks Lopez unreasonably seized the plaintiff, and it's no. Whether they used unreasonable excessive force, I have no. How do I ever get to your verdict? It can't be harmless error if the jury was instructed on the wrong standard with which to evaluate. Just a minute. You didn't answer my question. I looked at the elements for probable cause. I compared the elements also of investigatory stop. The elements are either unreasonable seizure or excessive force in order to do both. There's no difference. It's just a matter of difference about who has to do what. And here we are, no to both questions. So how do I change the verdict? That was your evaluation, Your Honor, because you know what is required for probable cause, and you know what's required for reasonable suspicion. Here the jury was only instructed with regard to a Terry stop. If all that was required for the entire length of the detention was a Terry stop standard, there would never be a need to instruct pardon me, counsel, how can they possibly find unreasonable seizure or lack of probable cause under arrest if they find that the seizure was reasonable under reasonable suspicion? Because what's required to perform an arrest is a far stricter burden. This is Washington v. Lambert. But they didn't do an arrest. They found that under the Terry detention stop, there was reasonable action. How could it be unreasonable under Terry and unreasonable under arrest? There are infinite stops, searches and seizures that would be unreasonable. Do you agree that the whole time that she was being detained, the officers were performing an investigation on her car and on herself? Do I agree that the entire time? No, that's a discreet additional fact. When did the detention reasonably stop? Once they, at the very latest, once they handcuffed her and there was no longer any danger, immediate danger, which is what Terry talks about, to the officers, and they put her in the vehicle, at that point, there could no longer be any reasonable basis, even under a reasonable suspicion standard, to pursue any further detention because there's no immediate danger to the officers and they've ruled her out as the suspect they're looking for. Can't they put her in the police car to keep her out of the way while they search the car? They have no reasonable suspicion to search the car, Your Honor. Well, they found a toy gun in the car. Once they went and performed the search, that's the stage. They have reasonable suspicion to search the car because there was an eyewitness who identified her as being with the black man with the blue shirt and the black pants and pigtail, right? The nature of that identification is very sketchy, and at best, there was someone who pointed and said, there you go. You're not arguing with the jury now. There was that evidence. That's the point. It's a factual issue as to whether that required probable cause. Thank you very much. Or reasonable suspicion, to answer your question, Your Honor. I'd like to reserve the last part of the bottle, if I were. Well, I think the question that Smith was asking was that if they didn't find that it was unreasonable to stop her for the investigation, how is it possible for the jury to find that there was no probable cause to hold her in the car after that point? If you could answer that. I mean, I think that's the question that's being struggled with. Yes. I would answer that in two ways. First, because the jury was never and never decided whether a higher standard was required for the initial stop. That is probable cause first. Secondly, the second part of your question was, how could they have not also determined that the officer had probable cause to continue the detention? Because they don't know what probable cause is. Okay. Right. Okay. So that's what the government's arguing, that their verdict subsumes the probable cause. But what you're saying is that probable cause is a higher standard than reasonable suspicion. So if there was at some point where she was not free to leave and the jury was properly instructed, they could find that the investigatory stop was reasonable, that the arrest was not. Precisely. And that question was never asked of them. There were no instructions. But again, I'm not trying to second guess you, but I read the jury instruction. And we don't talk about arrest, and we don't talk about investigatory stop. In the instruction, we say, in order to prove the seizure in the case was unreasonable. Now, that's a seizure whether it relates to arrest or investigatory stop. I want to compare the elements. The plaintiff must prove by a preponderance of the evidence that the officers lacked reasonable suspicion. Okay. That's all they needed there. And determining, and this is what they have to say. The length and the scope was not excessive. In determining whether the length and the scope was reasonable considers how they restricted her liberty, their reasons for using the methods, or for the length of the stop. Those are the same exact considerations the jury would use for probable cause. If you look at the rest of that instruction, however, it says use this instruction only in conjunction with the applicable elements instructions. And then it refers to the specific instructions. And that's because in order to determine whether the stop is unreasonable, you have to have the context of which stop. You're in an arrest or a terrorist stop. Here, the judge only gave the terrorist stop instruction, not the model instructions on probable cause. Therefore, it's impossible that the jury could find.  I understand your argument.  If I have any time left, I'd like to reserve it for a follow-up. There you go.  Thank you, Your Honor. Unless Honorable Kim gives us time, which she might. She's good. Thank you. May it please the Court. Kel Chohansen, Deputy City Attorney. I wanted to focus, unless the Court has some immediate questions. First, on the factual elements of this case. The facts that the officers found themselves in. I don't think, let me just ask, do you agree that the, an instruction was not given concerning whether or not the police had probable cause to arrest Ms. Anderson? Absolutely. I think that's very clear from the record. They did not give that instruction. The Judge Wilson did not give that instruction. In a sense, I'm having difficulty figuring out whether to approach this as a jury instruction question or as like an implicit judgment on his part that he did not believe that the facts that came in supported giving that instruction. So, in a way, it's kind of an implicit judgment as a matter of law that he's going to preclude the jury from making a finding that there was an arrest and it was not supported by probable cause. Yes, I think that's a viable argument. And I think that the district court has to have some discretion to be able to listen to the evidence that's presented and, based on that, say there simply isn't enough evidence to go to the jury on this particular cause of action. So do you think then we should be looking at this as though we're reviewing a JMOL as opposed to a jury instruction? I'm not sure. Yeah, I'm clear with what he did. I think, certainly, and my attempt to go to the facts was to dovetail into your second comment about whether Judge Wilson had the discretion or the ability to not let that question go to the jury. When the security guard, when the officers first arrived, he said, that's them. It was plural. So he identified... That's the witness who identified the woman as having been with the man? Yes. But he has two appearances in this. First, when the officers first arrive on the scene in the parking lot, he's the one that points out the car and says, that's them. There they go. And secondly, after Ms. Anderson is detained and is in the back of the police car, he comes onto the scene and the officers have an opportunity to talk to him in a little bit more detail. But initially, he says, plural, them. That gives the officers concern that there may be two people involved. It goes to the issue of searching the trunk. And certainly, when one officer had Ms. Anderson under control, the other officer had an opportunity to briefly check the car and rule out that the individual was in the back of the car. But it was only after she was taken in control, calmed down, put in the back of the police vehicle, that the other officer, one officer stayed with her at the car, the other officer went back, did a more detailed search, found the toy gun, and also went into the trunk. Once that was completed, that's when the security guard arrived on scene. There was a brief discussion about, yes, Ms. Anderson was there with the individual who had the gun. No, she did not have the gun. And that's when the officers released her. So based on those facts, and I don't believe they're contested, based on those facts, the officers were involved in holding Ms. Anderson only to the extent that they were finishing their investigation. Let me ask you a question, Mr. Johansen. So long as the investigatory detention is underway and is reasonable as to time and scope, could a jury find that there was an arrest taking place, independent of the investigatory detention? I would say that had they done so, there wouldn't be a factual basis for that. My question is, I suppose in an argumentative way, I'd say so long as the investigatory detention is reasonable as to time and space, which the jury found, there cannot be an unreasonable arrest because an arrest hasn't taken place. Well, I think there's two ways of looking at this case simultaneously. One, whether there was enough evidence to go to the jury. And secondly, the issue that was raised, if the jury finds factually that this was a reasonable detention under Terry and it did not go any further to become unreasonable, can you, as a matter of law, say, yes, the jury could still nevertheless, given those factual findings, still find that there's an arrest? That's the question I want you to answer. If they were properly instructed, I mean, it's kind of too bad he did it this way. Because if they had been properly instructed on probable cause and arrest, and been able to make a finding, no, there was no arrest and no probable cause, you wouldn't be here. But because he left that out, we have to look at it somewhat differently. Because could a jury, could any rational jury find, based on these facts, that they did hold her longer and that she was not free to leave, such that probable cause was now required instead of just the reasonable suspicion that they were acting with during the time of the investigation? I would say that a reasonable jury could not. It's almost as if it would be logically impossible, if you will, to make one finding, but then being able to go and make the other finding. And the reason I say that is, given these facts, how would we be able to articulate a basis for the jury to make that finding? Well, did they keep her there? I guess the only, the way I see it is, I mean, how long does it take to actually look inside a car and look and open the trunk and see that a man's not hiding in the trunk or the car? I mean, that doesn't take very long, does it? No, and that's why the officers testified, one officer testified approximately 20 minutes, the other officer estimated it between 20 to 30 minutes, from the time that they first went after her to the time that she was released. So I can agree with the court, yes, it doesn't take that long to simply look in a car, find a gun, say to the partner, I found a gun, but it's a toy gun, and then go search the trunk. But I think what we need to do is look at the whole investigatory detention. And also... Did they ever find, yeah, did they ever find the man? No, they did not find the man. They did go take the information from the scene where they were detaining Ms. Anderson, the additional information from the security guard, and they did go back to the store to try and find this individual. But they were not able to find it. So I think that the investigatory stop, as described with these facts, and again, it's our representation, as to those material facts, I don't think that they're disputed here. So we have to find, to agree with you, we would have to find, look at the facts, and essentially believe that Judge Wilson correctly ruled that there was insufficient facts to support an unlawful arrest claim. Correct. That's one way of analyzing it. The other way of analyzing it, and it could be either one, I would say that the other way of analyzing it is, given the jury's factual findings, which are not in dispute, that there isn't a factual scenario that we could contemplate that would be reasonable, in which they could make this particular finding, as to the reasonableness of the stop, the reasonableness of the search, the lack of excessive force, that there's no reasonable scenario in which they could then go from that and make a finding as to, yes, there was no probable cause and this was an unlawful arrest. And that's the question that I'm posing. What would that look like? What would a factual argument look like that, yes, there was no probable cause? If the jury had accepted the evidence of Ms. Anderson, that she was thrust up against the fence, that she was groped in her buttocks by the officers, that she was kept there for 45 minutes, right, then you would expect them to have found that the detention scope and duration was unreasonable. Following up on your comments, I don't think the jury would have found that the jury believed her, and I think that's manifestly expressed in their verdict. They simply did not believe her. So if they had found all those things that I said which were favorable to the plaintiff, a necessary precursor to finding that there was no probable cause and arrest would have been to find that a Terry stop was unreasonable. Yes. You couldn't find one way on one and one way on the other. No, I agree with that point. Were there any additional questions or issues that I can address for the court? I don't think so. Thank you all. Counsel, I, for the other counsel, sorry, let me just ask you, Mr. Hafford, what facts do you think are in the record that would support a finding of an arrest and no probable cause, given that, no, just answer that question, what facts? How, what are the, what's the factual support for this having ripened into an arrest? The best factual support, Your Honor, which a jury could absolutely find with an arrest is that they went and searched the entire car, including the trunk. We have decades of case law that that is strongly indicative of an arrest. Just because the jury found that the scope was reasonable of the Terry stop does not mean that a reasonable jury couldn't, and I would argue must, would likely find that this ripened into an arrest requiring probable cause when they went from having her detained in the Cruiser. Wasn't proper investigation look in the trunk? No, not at all. Weren't they looking for the man? That requires. Couldn't he be hidden in the trunk? Maybe they were, but that requires probable cause, Your Honor. Not part of the investigation. There's no such thing as a search incident to a Terry stop. There's a search incident to an arrest requiring probable cause. All right. I've got you. And the jury may have found, as they did, that the detention was unreasonable on a Terry stop instruction only. But they could, of course, also find, if they were properly instructed, that actions taken within the scope of this detention rose to the level of an arrest requiring probable cause. The other wrinkle is, did that evidence about the search come from the officers or from Ms. Anderson? Which evidence, Your Honor? The searching the trunk and searching the car. This is directly from the officers. This is. So even if they said. In the supplemental actions, the officer, well, whichever officer searched the car was asked, when did you do it? He says, after she was detained. Then I walked to answer. This is page 58 of the supplementals. Then I walked to her vehicle, and I began to conduct a search of the vehicle. As I was walking towards it, I saw a handgun resting on the rear of the floor panel. Plastic gun. So I continued searching for other weapons. Next page, 59. What is the reason you looked in the trunk? Like I said, I mentioned earlier, I'm looking for additional weapons, if any, or probably someone could be in the trunk, possibly a suspect or someone in there. This is precisely what Terry does not allow. This is an arrest. Terry does not allow broad-based investigative searches of people's cars or trucks. And the officer himself testified that he conducted this search and decided to conduct an entire search before he saw the plastic gun. So even if the plastic gun could be used as some sort of linchpin, this is still a search incident to an arrest, and the jury has to be instructed on an arrest to decide whether this detention was reasonable. They were only instructed on Terry, and therefore they only received this broad-based reasonable scope instruction that doesn't break it up for them like the law requires. So Judge Smith had a point that obviously the jury did not find Ms. Anderson credible because if they had found her credible, they would have probably found contrary to the special verdict form on the Terry stop. So does that reasoning apply to the arrest as well? They could find her testimony to lack credibility about various elements of this arrest or detention, but still find that, you know, there still was no reason why they needed to go ransack her car and tear her car apart and keep her there for another 20 to 30 minutes just because she at first perhaps there was some reasonable basis for stopping her under Terry. And so, again, this is a fact question. There are various things that the jury might have accepted or rejected from Ms. Anderson. They may not have accepted the testimony that they broke. It used to be until maybe a year or so ago that searches of automobiles when the occupant was removed from the automobile was all right, but then that was limited I think by a case called Garrett again. Arizona versus Gant, right, limited that. Gant. And your point is once Ms. Anderson was out of the car and with her handcuffs on in the police car, there was no Terry stop basis for exercising the search it had to be on probable cause. Precisely. There was no Terry stop basis. And they weren't instructed as to probable cause. That would work to suppress any evidence that was found in the car. Correct. But why would it work to allow 1983 action? Because 1-4-S is an inchoate claim under Section 1983. And the reasonableness of this search and seizure must be evaluated under the appropriate claim. To Judge Smith's questions earlier about what they found here under the basic unreasonable search and seizure instruction, you have to go a step further and instruct the jury as to which first as to whether this was a stop or an arrest. And then under those metrics, Terry stop or an arrest, was this search and seizure reasonable? Sounds like a great argument. It's just that that's why I tried to explain it to you. I went to what questions you would ask for the probable cause, and I went to what questions they ask for the reasonable suspicion stop, and it seems as if, given the instructions, the questions are the same. You call it what you want to. They've either got to find that it was, and that was my problem, it seems that you've got to find in either case something the jury did not find, because the jury said, by preponderance of the evidence, Hicks-Lopez did not unreasonably seize the plaintiff. And there's nothing to suggest that the unreasonable seizure related to suspicion or probable cause. Just that question. And there's no question, by preponderance of the evidence, that Hicks-Lopez did not use excessive force. And your whole argument is they were there too long. That's under unreasonable seizure. Your whole argument is they threw her against the wall, against the fence. That's excessive force. In both instances, they said no, knowing full well all the facts you present. But being instructed pursuant to the wrong law with which to evaluate those facts. Probable cause exists when it is. If you look at the jury instruction, it doesn't say anything about investigatory stop or probable cause. We're not talking about in order to prove. Well, that's precisely the problem, is that they didn't have the context of what requires probable cause or what probable cause means with which to make their reasonableness verdict finding. And so it should go back to the jury at the very least to be instructed with the proper. I understand your argument, Counselor. Thank you, Your Honor.
judges: Wardlaw, Bea, Smith